**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jacob Tolbert, ) | | |
|                 Plaintiff, ) | No. 19 CV 2121 | |
| ) | | |
| v. ) | Judge Mary M. Rowland | |
| ) | | |
| Officer Robert Powell, Officer Vicente ) | | |
| Monroy, Officer Cortez, Sergeant Troy ) | | |
| Smith, Lieutenant Craig Johnson, Thomas ) | | |
| Dart, Kim Anderson, and Dr. Feldman, M.D.) | | |
| ) | | |
|                 Defendants. ) | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, Jacob Tolbert, by and through his attorneys Ty D. Laurie and Kendall E. Woods, and for his First Amended Complaint, states as follows:.

**JURISDICTION AND VENUE**

1. Jurisdiction in this case is based on the existence of a federal question pursuant to 28 U.S.C. § 1331, since this is a civil action arising under 42 U.S.C § 1983, or supplemental jurisdiction.

2. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2), since a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

3. Plaintiff is an individual who resides in Cook County, Illinois and is an Illinois citizen.

4. Defendant, Correctional Officer Powell, was employed by the Cook County Jail (hereinafter "Jail") during the relevant events at issue. Defendant Powell acted under color of law

and within the scope of that employment for all of the events at issue. He is sued in both his individual and official capacity.

5. Defendant, Lieutenant Johnson, was employed by the Jail during the relevant events at issue. Defendant Johnson acted under color of law and within the scope of that employment for all of the events at issue. He is sued in both his individual and official capacity.

6. Defendant, Correctional Officer Monroy, was employed by the Jail during the relevant events at issue. Defendant Monroy acted under color of law and within the scope of that employment for all of the events at issue. He is sued in both his individual and official capacity.

7. Defendant, Correctional Sergeant Smith, was employed by the Jail during the relevant events at issue. Defendant Smith acted under color of law and within the scope of that employment for all of the events at issue. He is sued in both his individual and official capacity.

8. Defendant, Correctional Officer Cortez, was employed by the Jail during the relevant events at issue. Defendant Cortez acted under color of law and within the scope of that employment for all of the events at issue. He is sued in both his individual and official capacity.

9. Defendant, Sheriff Dart, was employed by the Jail during the relevant events at issue. Defendant Dart is sued in his official capacity solely for purposes of indemnification.

10. Defendant, Nurse Anderson, was employed by Cermack Health Services during the relevant events at issue. She is sued in both her individual and official capacity.

11. Defendant, Doctor Feldman, was employed by Cermack Health Services during the relevant events at issue. He is sued in both her individual and official capacity.

**FACTS**

12. On or about January 16, 2018, at approximately 10:10 am, Plaintiff was waiting in the holding area of Division 10 for his appointment with an eye doctor at Cermack Health Services

of Cook County ("Cermack") regarding issues with his eyes. Plaintiff had asked for an eye exam to get glasses. Cermack provides healthcare to the detainees at the Cook County Department of Corrections.

13. Plaintiff was conversing with an unidentified pretrial detainee regarding issues the detainee was having in Division IX.

14. During the conversation, the detainee refused to follow Officer Powell's order, and Powell sprayed the detainee with Mace.

15. Plaintiff was standing right next to the detainee and was affected by the Mace.

16. Plaintiff told Powell that he was "wrong for doing him like that by me" since Plaintiff was standing next to the detainee when Powell sprayed the detainee with Mace. In response, Powell told Plaintiff "shut the f**k up don't tell me how to run my motherf***ing job." Powell then proceeded to deny Plaintiff medical care for his eyes, removed Plaintiff from the waiting area, and told Plaintiff that Plaintiff was refusing medical care at Cermack.

17. Officer Powell roughly grabbed Plaintiff and dug his fingers into Plaintiff's arm while dragging him to the elevator and repeating that Plaintiff was refusing Cermack. At this point, Sergeant Smith turned on his body cam. Officer Monroy and Sergeant Smith followed Officer Powell and Plaintiff into the elevator.

18. Powell, Monroy and Smith took Plaintiff to his cell. Once in the cell, Monroy and/or Powell attempted to remove Plaintiff's handcuffs and started yelling at Plaintiff.

19. Powell and Monroy then exited the cell and closed the cell door, leaving Plaintiff handcuffed in the closed cell.

20. After Powell and Monroy closed the cell door with Plaintiff handcuffed inside, Sergeant Smith turned off his body cam.

21. After the body cam was turned off, while Plaintiff was handcuffed in his closed and locked cell, Powell and/or Monroy and/or Smith sprayed Mace into Powell's cell. At the point when Powell and/or Monroy and/or Smith sprayed Mace into Plaintiff's closed and locked cell, Plaintiff posed no threat to the Defendants.

22. After deploying Mace into Plaintiff's cell, Powell, Monroy and/or Smith removed Plaintiff from his cell to take him to be decontaminated.

23. On the way to decontamination, Powell, Monroy and/or Smith took Plaintiff to the stairwell, pushed Plaintiff down the stairs, and inflicted physical injury on Plaintiff, including injury to his face and nose.

24. After the excessive force employed by Powell, Monroy and/or Smith, Plaintiff immediately complained about pain in his nose and told Powell, Monroy, and/or Smith that his nose was broken. Powell, Monroy and/or Smith ignored Plaintiff's complaint of injury and continued to take him to decontamination.

25. When Plaintiff was waiting outside the bullpen for the decontamination process, after a verbal confrontation, while Plaintiff was still handcuffed, Smith and Johnson allowed Cortez to take Plaintiff out of sight of the cameras and beat him up, causing further injury and damage to Plaintiff.

26. Plaintiff continued to complain about his injuries, specifically his broken nose, but Powell, Monroy, Cortez, Johnson, and/or Smith ignored Plaintiff's injury and proceed to perform initial decontamination from the Mace.

27. After performing the initial decontamination, Powell, Monroy, and/or Smith took Plaintiff to see Nurse Kim Anderson.

28. Nurse Anderson failed to examine Plaintiff for his complaints of nose pain to determine if Plaintiff had sustained a nose injury. Instead, Nurse Anderson only addressed the decontamination from the Mace. Dr. Feldman failed to examine Plaintiff and, instead, signed off on Nurse Anderson's treatment without performing a proper medical evaluation of Plaintiff for his nose injury.

29. Despite the Plaintiff's complaints of nose pain and a broken nose, Powell, Monroy, Cortez, Johnson, and/or Smith consciously ignored the clear and obvious injury and failed to provide Plaintiff with proper medical evaluation and treatment.

30. Smith informed Lieutenant Johnson of the incident involving Plaintiff. Despite his knowledge of the injury inflicted upon Plaintiff, Johnson consciously ignored Plaintiff's injury and denied Plaintiff proper medical attention for his nose injury.

31. Over two months later, on or about March 23, 2018, Plaintiff finally received access to limited and insufficient medical treatment and the doctor confirmed a history of nasal trauma.

32. For the next year, Plaintiff received insufficient medical treatment that failed to resolve the nasal damage caused by the untreated nasal injury inflicted on Plaintiff by Powell, Monroy, Cortez, Johnson, and/or Smith.

33. On or about March 13, 2019, Plaintiff received surgery to repair the nasal damage caused by the untreated nasal injury inflicted on Plaintiff by Powell, Monroy, Cortez, Johnson, and/or Smith.

34. Additionally, despite being improperly denied medical care from the eye doctor on January 16, 2018, Plaintiff never received medical care for his vision needs.

### COUNT I – Excessive Force, Deliberate Indifference, and Failure to Provide Medical Attention - against Officer Powell

35. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

36. Officer Powell was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

37. Officer Powell violated the Fourteenth Amendment when he used excessive force that caused Plaintiff serious injury when Powell unnecessarily sprayed Mace on Plaintiff while Plaintiff was handcuffed in his cell and inflicted physical injury on Plaintiff in the elevator, stairwell, and hallways resulting in severe nasal trauma and fracture.

38. Officer Powell is personally responsible for Plaintiff's fractured nose because his conduct was the actual and proximate cause of Plaintiff's injury.

39. Officer Powell also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

40. Plaintiff suffered a serious medical need when Officer Powell's actions resulted in severe nasal trauma and fracture.

41. Officer Powell was aware that Plaintiff had a serious medical need since Plaintiff informed Officer Powell that his nose was broken.

42. Officer Powell consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

43. As a result of Officer Powell's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

### COUNT II – Failure to Provide Medical Attention against Officer Powell

44. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

45. Officer Powell was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

46. Officer Powell also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

47. Plaintiff suffered a serious medical need to see an eye doctor.

48. Officer Powell was aware that Plaintiff had a serious medical need since Plaintiff had an appointment with the eye doctor.

49. Officer Powell refused Plaintiff his medical care to see the eye doctor.

50. As a result of Officer Powell's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff has not received necessary eye care.

### COUNT III – Excessive Force, Deliberate Indifference, and Failure to Provide Medical Attention - against Officer Monroy

51. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

52. Officer Monroy was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

53. Officer Monroy violated the Fourteenth Amendment when he used excessive force that caused Plaintiff serious injury when he allowed and participated in Powell unnecessarily spraying Mace on Plaintiff while Plaintiff was handcuffed in his cell and Monroy inflicted physical injury on Plaintiff in the elevator, stairwell, and hallways resulting in severe nasal trauma and fracture.

7

54. Officer Monroy is personally responsible for Plaintiff's fractured nose because his conduct was the actual and proximate cause of Plaintiff's injury.

55. Officer Monroy also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

56. Plaintiff suffered a serious medical need when Officer Monroy's actions resulted in severe nasal trauma and fracture.

57. Officer Monroy was aware that Plaintiff had a serious medical need since Plaintiff informed Officer Monroy that his nose was broken.

58. Officer Monroy consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

59. As a result of Officer Monroy's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

**COUNT IV – Failure to Provide Medical Attention against Officer Monroy**

60. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

61. Officer Monroy was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

62. Officer Monroy violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

63. Plaintiff suffered a serious medical need to see an eye doctor.

64. Officer Monroy was aware that Plaintiff had a serious medical need since Plaintiff had an appointment with the eye doctor.

65. Officer Monroy refused Plaintiff his medical care to see the eye doctor.

66. As a result of Officer Monroy's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff has not received necessary eye care.

**COUNT V – Excessive Force, Deliberate Indifference, and Failure to Provide Medical Attention - against Sergeant Smith**

67. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

68. Sergeant Smith was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

69. Sergeant Smith violated the Fourteenth Amendment when he participated in and allowed his officer to use excessive force that caused Plaintiff serious injury when Powell unnecessarily sprayed Mace on Plaintiff while Plaintiff was handcuffed in his cell and Smith inflicted physical injury on Plaintiff in the elevator, stairwell, and hallways resulting in severe nasal trauma and fracture.

70. Sergeant Smith violated the Fourteenth Amendment when he directed and allowed Officer Cortez to beat up Plaintiff outside the bullpen.

71. Sergeant Smith is personally responsible for Plaintiff's fractured nose because his conduct was the actual and proximate cause of Plaintiff's injury.

72. Sergeant Smith also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

73. Plaintiff suffered a serious medical need when Sergeant Smith's actions resulted in severe nasal trauma and fracture.

74. Sergeant Smith was aware that Plaintiff had a serious medical need since Plaintiff informed Sergeant Smith that his nose was broken.

75. Sergeant Smith consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

76. As a result of Sergeant Smith's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

### COUNT VI – Failure to Provide Medical Attention against Sergeant Smith

77. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

78. Sergeant Smith was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

79. Sergeant Smith violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

80. Plaintiff suffered a serious medical need to see an eye doctor.

81. Sergeant Smith was aware that Plaintiff had a serious medical need since Plaintiff had an appointment with the eye doctor.

82. Sergeant Smith refused Plaintiff his medical care to see the eye doctor.

83. As a result of Sergeant Smith's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff has not received necessary eye care.

### COUNT VII – Deliberate Indifference and Failure to Provide Medical Attention - against Lieutenant Johnson

84. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

85. Lieutenant Johnson was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

86. Lieutenant Johnson violated the Fourteenth Amendment when he participated in and/or sanctioned his officers' use excessive force that caused Plaintiff serious injury when Powell unnecessarily sprayed Mace on Plaintiff while Plaintiff was handcuffed in his cell and Monroy and/or Powell and/or Cortez and/or Smith inflicted physical injury on Plaintiff in the elevator, stairwell, and hallways resulting in severe nasal trauma and fracture.

87. Lieutenant Johnson is personally responsible for Plaintiff's fractured nose because his conduct caused Plaintiff's injury.

88. Lieutenant Johnson also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

89. Plaintiff suffered a serious medical need when the officers' actions resulted in severe nasal trauma and fracture.

90. Lieutenant Johnson was aware that Plaintiff had a serious medical need since Plaintiff and Sergeant Smith informed Lieutenant Johnson of Plaintiff's complaint that his nose was broken.

91. Lieutenant Johnson consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

92. As a result of Lieutenant Johnson's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

**COUNT VIII – Excessive Force, Deliberate Indifference, and Failure to Provide Medical Attention - against Officer Cortez**

93. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

94. Officer Cortez was an employee of the Cook County Jail, and he acted under color of state during the events that transpired on or about January 16, 2018.

95. Officer Cortez violated the Fourteenth Amendment when he beat up Plaintiff outside the bullpen.

96. Officer Cortez is personally responsible for Plaintiff's fractured nose because his conduct was the actual and proximate cause of Plaintiff's injury.

97. Officer Cortez also violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

98. Plaintiff suffered a serious medical need when Officer Cortez's actions resulted in severe nasal trauma and fracture.

99. Officer Cortez was aware that Plaintiff had a serious medical need since Plaintiff informed Officer Cortez that his nose was broken.

100. Officer Cortez consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

101. As a result of Officer Cortez's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

**COUNT IX –Deliberate Indifference and Failure to Provide Medical Attention - against Nurse Kim Anderson**

102. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

103. Nurse Anderson was an employee of Cook County Health, and she acted under color of state during the events that transpired on or about January 16, 2018.

104. Nurse Anderson violated the Fourteenth Amendment when she denied Plaintiff proper medical care.

105. Plaintiff suffered a serious medical need when the officers' actions resulted in severe nasal trauma and fracture.

106. Nurse Anderson was aware that Plaintiff had a serious medical need since Plaintiff informed Nurse Anderson that his nose was broken.

107. Nurse Anderson consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

108. As a result of Nurse Anderson's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

**COUNT X – Medical Negligence - against Nurse Kim Anderson**

109. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

110. Nurse Anderson owed Plaintiff a duty of care commiserate with skill, expertise, and care possessed and practiced by nurses in the Chicagoland area.

111. Nurse Anderson violated the standard of care when she intentionally ignored Plaintiff's complaints of nose pain and a broken nose.

112. As a result of Nurse Anderson's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

### COUNT XI –Deliberate Indifference and Failure to Provide Medical Attention - against Doctor Feldman

113. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

114. Doctor Feldman was an employee of Cook County Health, and he acted under color of state during the events that transpired on or about January 16, 2018.

115. Doctor Feldman violated the Fourteenth Amendment when he denied Plaintiff proper medical care.

116. Plaintiff suffered a serious medical need when the officers' actions resulted in severe nasal trauma and fracture.

117. Doctor Feldman was aware that Plaintiff had a serious medical need since Plaintiff informed Nurse Anderson that his nose was broken and Doctor Feldman signed off on Nurse Anderson's report.

118. Doctor Feldman consciously failed to take reasonable measures to provide Plaintiff with proper medical evaluation and care for Plaintiff's serious medical need.

119. As a result of Doctor Feldman's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

### COUNT XII – Medical Negligence - against Doctor Feldman

120. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

121. Doctor Feldman owed Plaintiff a duty of care commiserate with skill, expertise, and care possessed and practiced by doctors in the Chicagoland area.

122. Doctor Feldman violated the standard of care when he intentionally ignored failed to perform a proper medical evaluation of Plaintiff after Plaintiff complained of nose pain and a broken nose.

123. As a result of Doctor Feldman's failure to provide proper and sufficient medical care to Plaintiff, Plaintiff experienced continued pain and suffering for over a year before Plaintiff received surgery to fix his nose.

### Count XIII – Indemnification – Against Sheriff Dart

124. Plaintiff incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

125. Plaintiff asserts this claim against Sheriff Dart in his official capacity for indemnification purposes only.

WHEREFORE, plaintiff JACOB TOLBERT requests this Honorable Court enter judgment in his favor and against defendants in an amount to be determined at trial plus costs, and award such other and further relief deemed just.

By:    /s/ Kendall E. Woods
       One of His Attorneys

Ty D. Laurie
Kendall E. Woods
Laurie & Brennan, LLP
2 North Riverside Plaza, Suite 1750
Chicago, IL  60606
Atty. No.46554

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on December 30, 2019 a copy of the foregoing Plaintiff's Amended Complaint was served upon the below-named pursuant to ECF as to Filing Users and via electronic mail:

Alexis D. M. Carr
Cook County State's Attorney's Office
500 West Washington Ave. Daley Center
5th Floor
Chicago, Illinois 60602
(312) 603-3141
Alexis.Carr@cookcountyil.gov

Date: December 30, 2019

    /s/ Kendall E. Woods_____

Kendall E. Woods